# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JIM RUES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 5:09-CV-06056-DGK |
| | ) | |
| LARRY DENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Pending before the Court is Respondent Larry Denny's Response to Order to Show Cause (Doc. 6) and Petitioner Jim Rues's ("Petitioner" or "Rues") Traverse to Order to Show Cause (Doc. 11). Respondent argues that pursuant to 28 U.S.C. § 2244(d)(1)(A) and *Riddle v. Kemna* the Petition for a writ of habeas corpus is barred by the one-year statute of limitations. Rues argues that the Petition was timely filed because it concerns new evidence that was not available at his trial, or, in the alternative, it should be considered timely filed pursuant to the doctrine of equitable tolling.

For the reasons discussed below, the Court holds the Petition is not timely filed and is barred by the one-year statute of limitations.

### **Factual and Procedural Background**

The Petition arises out of Rues's imprisonment in the Crossroads Correctional Center in Cameron, Missouri, following his convictions for first-degree murder and armed criminal action in the Circuit Court of Jackson County, Missouri.

The Missouri Court of Appeals issued its mandate affirming Petitioner's conviction in his direct appeal on January 7, 2004. Rues filed his state post-conviction relief ("PCR") petition 51

days later on February 27, 2004. On June 26, 2008, the Missouri Court of Appeals issued its mandate affirming the circuit court's denial of the PCR. As of that date, 314 days remained in the limitations period, making the Petition due May 6, 2009. As a result of a simple clerical error, however, habeas counsel for Rues miscalculated the deadline and did not file the Petition until May 20, 2009.

**Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d), established a one-year statute of limitations for filing a petition for habeas relief under § 2254. Under § 2244(d)(1) the triggering event for the statute of limitations is the latter of several different events, including "the date on which the judgment became final by the conclusion of direct review, 28 U.S.C. § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In rare instances the doctrine of equitable tolling may apply to toll the statute of limitations. *Riddle*, 523 F.3d at 857 (citing *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). A litigant seeking equitable tolling must show (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance external to the petitioner stood in his way. *Riddle*, 523 F.3d at 857. Whether a litigant has pursued his rights diligently depends on the facts of the case. *Id.* at 858. Habeas counsel's miscalculation of the due date for the petition is not an extraordinary circumstance warranting equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

**Discussion**

Respondent argues that the statute of limitations expired on May 6, 2009, thus the Petition was filed 14 days too late and should be dismissed as untimely filed. Petitioner concedes that the statute of limitations was miscalculated, but contends the Petition was nonetheless timely filed because one of the grounds raised in his Petition rests on new evidence, not previously discoverable by due diligence.

Ground One of the Petition asserts that Rues was denied due process of law when the state of Missouri was permitted to introduce expert testimony over Rues's objection that the "bunter marks" on some unfired shotgun shells found in his home matched the "bunter marks" on shells found at the homicide scene. The expert acknowledged that he could not give a statistical probability that the shells had the same source. The Missouri Court of Appeals affirmed the trial court's admission of the evidence. Rues argues this decision was an unreasonable application of federal constitutional law that was clearly established at the time of trial. He also argues a report issued February 18, 2009, by the National Academy of Sciences which criticizes many of the methodologies used in modern criminal forensic science as having not been properly studied and verified, demonstrates that the expert testimony heard by the jury in his trial was not scientifically accurate or reliable.

The Court finds the provisions of § 2244(d)(1)(D) do not apply here. As a threshold matter the February 18, 2009 report does not constitute newly discovered evidence. While this particular report may be new, the arguments it advances are not. The gist of the report—that forensic methodologies have not been sufficiently studied in peer reviewed journals to be accepted as scientifically accurate—is not new. Indeed, Petitioner raised these arguments at trial, and the state trial and appellate courts did not find any merit to them. Second, the report does

not specifically address the forensic testimony at issue in this case, i.e., bunter marks, a fact which further weighs against finding the report to be newly discovered evidence. Accordingly, the Court finds the factual predicate of the claims presented in the Petition could have been discovered, indeed *were* discovered, through the exercise of due diligence prior to May 6, 2008, thus the Petition was not timely filed pursuant to either § 2244(d)(1)(A) or § 2244(d)(1)(D).

Arguing in the alternative, Petitioner contends his application should be considered timely filed under the doctrine of equitable tolling. But, as noted above, habeas counsel's miscalculation of the due date for a petition is not an extraordinary circumstance warranting equitable tolling. *Kreutzer* at 463. Although habeas counsel has made a cogent argument that equitable tolling would be available if the Court applied the Sixth Circuit's five factor test set out in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), this Court is obligated to apply Eighth Circuit caselaw, and under that law Petitioner is not entitled to equitable tolling.

**Conclusion**

The Court holds that the petition is not timely filed and therefore must be DENIED.

**IT IS SO ORDERED.**

Date:   April 29, 2010                               /s/ Greg Kays
                                                               GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT